### STATE v. GUS. GRAHAM.

A partial exchange of circuits between two of the Judges of the Superior Court, with the approval of the Governor, is legal.

(*State* v. *Watson*, at this term, cited and approved.)

INDICTMENT for *Larceny*, tried before SCHENCK, J., at Spring Term, 1876, of ANSON Superior Court.

The case was decided upon appeal in this Court at January Term, 1876, and is reported in 74 N. C. Rep.

The cause coming on to be heard upon the certificate of this Court, at Spring Term, 1876, the prisoner's counsel moved the Court to arrest the judgment upon the ground that his Honor Judge SCHENCK had no authority to hold that term of the Court. That the law does not authorize the exchange of two counties of a district unless the two counties constitute the entire district.

The motion was overruled and the prisoner appealed.

*Attorney General Hargrove* and *R. H. Battle, Jr.*, for the State.
No counsel for the prisoner in this Court.

BYNUM, J. The question raised here has been settled at the present term of this Court, in the case of the *State* v. *Watson.* It is there held that a partial exchange of circuits between two Judges, with the approval of the Governor, as here, is legal. Judge SCHENCK, therefore, had jurisdiction and the right to pronounce sentence upon the defendant.

There is no error.

PER CURIAM.                                     Judgment affirmed.